**ANDERSON, Appellant,**

v.

**MOTTA et al., Appellees.**

[Cite as *Anderson v. Motta* (1991), 73 Ohio App.3d 1.]

Court of Appeals of Ohio,
Wayne County.

No. 2598.

Decided April 10, 1991.

*Charles A. Kennedy,* for appellant.

*James L. Glowacki, Mark D. Frasure* and *Marc Groedel,* for appellees.

QUILLIN, Presiding Judge.

Plaintiff-appellant appeals from the trial court's order granting summary judgment in favor of defendants-appellees in an action alleging medical malpractice. We affirm.

On April 18, 1987, defendants-appellees Jorge E. Motta, M.D., and Robert H. Hutson, M.D., performed emergency appendectomy surgery upon plaintiff-appellant, James Anderson. The surgery was performed at defendant-appellee Dunlap Memorial Hospital ("Dunlap"). Defendant-appellee Robert G. Reiheld, M.D., administered a local spinal anesthetic during the surgery.

Immediately following the surgery, Anderson experienced severe pain in his legs and back. Anderson did not suffer from such pain prior to the surgery. Anderson subsequently consulted with Alexander Michael, M.D., an orthopedic surgeon. Michael opined that Anderson suffered from a condition known as herniated nucleus pulposis. Michael performed a surgical procedure known as decompressive microdiscectomy to alleviate Anderson's pain.

On February 2, 1990, Anderson filed this action against defendants-appellees, alleging that defendants-appellees negligently provided medical treatment during the appendectomy surgery, and such negligence caused Anderson's lower back injury. Defendants-appellees each filed motions for summary judgment supported by medical affidavits that no negligence occurred. Anderson responded with his affidavit stating that he did not suffer from back or leg pain prior to the surgery, and that the pain began immediate-

ly after the surgery. Anderson also submitted the affidavit of Dr. Michael, which stated that Anderson's back injury condition was not a congenital problem and such condition usually occurs as the result of some form of trauma.

On August 28, 1990, the trial court granted summary judgment in favor of defendants-appellees. The trial court found that the doctrine of *res ipsa loquitur* was inapplicable, and that Anderson had failed to provide evidence that defendants-appellees had not acted in conformity with the requisite standard of care. Anderson appeals.

### Assignment of Error

"The trial court erred, as a matter of law, by granting summary judgment to the appellees merely because appellant relied on the doctrine of *res ipsa loquitur* in establishing his claim for medical negligence."

To warrant application of *res ipsa loquitur*, a plaintiff must adduce evidence in support of two conclusions: (1) that the instrumentality causing the injury was, at the time of the injury, or at the time of the creation of the condition causing the injury, under the exclusive management and control of the defendant; and (2) that the injury occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed. *Hake v. Wiedemann Brewing Co.* (1970), 23 Ohio St.2d 65, 66–67, 52 O.O.2d 366, 366–367, 262 N.E.2d 703, 705–706.

Coupled with the foregoing is the rule that, except in cases where the lack of skill or care of a physician is so apparent as to be within the comprehension of laymen and requires only common knowledge and experience to understand and judge it, the standard of medical care requires expert medical testimony. *Bruni v. Tatsumi* (1976), 46 Ohio St.2d 127, 130, 75 O.O.2d 184, 186, 346 N.E.2d 673, 676.

The application of *res ipsa loquitur* to a medical malpractice case, except where the negligence is apparent to a layman, requires expert medical testimony that the injury occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed. See *Morgan v. Children's Hospital* (1985), 18 Ohio St.3d 185, 18 OBR 253, 480 N.E.2d 464; *Oberlin v. Friedman* (1965), 5 Ohio St.2d 1, 34 O.O.2d 1, 213 N.E.2d 168. This was what was done in the case on which plaintiff relies, *Becker v. Lake Cty. Mem. Hosp. West* (1990), 53 Ohio St.3d 202, 560 N.E.2d 165.

The affidavit of plaintiff's medical expert, Dr. Michael, is conspicuous in its failure to state that plaintiff's injury occurred under such circumstances

**4**

that in the ordinary course of events it would not have occurred if ordinary care had been observed. This omission may be explained by Dr. Michael's letter to plaintiff's counsel of August 25, 1987, wherein Dr. Michael states that the etiology of the leg and low back pain is unknown and Dr. Michael's letter to plaintiff's counsel of February 10, 1988 wherein Dr. Michael states it is difficult to determine what exactly caused the herniated nucleus pulposis. Even assuming, *arguendo*, that an injury occurred during surgery, and that the injury was the result of trauma, it is not apparent as a matter of common knowledge that the trauma-induced herniated nucleus pulposis was caused by negligent medical treatment.

In reviewing the granting of denial of a motion for summary judgment, we must determine whether:

" * * * (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977) 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 471, 364 N.E.2d 267, 273; Civ.R. 56(C).

We hold that the trial court properly granted summary judgment, as Anderson failed to meet the second prong of the *res ipsa loquitur* test by failing to introduce medical expert testimony to rebut defendants-appellees' testimony that defendants-appellees acted within the standard of care. See *Brielmaier v. Physicians Anesthesia Services, Inc.* (May 31, 1989), Hamilton App. No. C–880311, unreported, 1989 WL 56370.

Cases alleging medical malpractice and attempting to use the doctrine of *res ipsa loquitur* are fact bound, and there is no clear and unequivocal rule as to when the doctrine applies. However, in order for the doctrine to apply, the plaintiff must come forth with some evidence from which a layman could determine that negligence had probably occurred. Anderson has failed in this burden. Therefore, the trial court properly granted summary judgment in favor of defendants-appellees. The assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD and CACIOPPO, JJ., concur.