[Cite as *Hartung v. Agarwal-Antal*, 2020-Ohio-1016.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

BETTY HARTUNG

    Appellant

    v.

NEERA PRAHLAD AGARWAL-ANTAL, M.D.

    Appellee

C.A. No.    29355

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2016-07-3236

DECISION AND JOURNAL ENTRY

Dated: March 18, 2020

---

SCHAFER, Judge.

{¶1}    Plaintiff-Appellant, Betty Hartung, appeals the judgment of the Summit County Court of Common Pleas granting summary judgment to Defendants-Appellees, Neera Prahlad Agarwal-Antal, M.D. and Neera Prahlad Agarwal-Antal, M.D., Inc. doing business as Hudson Dermatology (collectively "Dr. Agarwal-Antal"). For the reasons that follow, we affirm.

I.

{¶2}    On November 20, 2015, Mrs. Hartung sought dermatological treatment in the form of a chemical peel from Dr. Agarwal-Antal in an attempt to remove sun spots from her skin. Alleging that the procedure caused permanent damage to her skin, Mrs. Hartung and her husband, Raymond Hartung, filed a complaint listing the following captioned claims: (1) medical malpractice/negligence; (2) vicarious liability; (3) informed consent; (4) medical expenses; (5) punitive damages; (6) loss of consortium. Dr. Agarwal-Antal duly answered the complaint.

{¶3}   Dr. Agarwal-Antal filed a motion for partial summary judgment on the issue of punitive damages asserting that "the evidence shows that there was no impermissible 'doctoring' of the medical chart" and that the Hartungs' basis for claiming punitive damages was "entirely unfounded and unsupported by the evidence."  While the first motion for summary judgment was pending, Dr. Agarwal-Antal moved for summary judgment on the claim for medical malpractice, arguing that the Hartungs had failed to present the expert testimony required to establish the elements of the claim.  Specifically, Dr. Agarwal-Antal asserted that the medical malpractice claim failed as a matter of law because the sole liability expert (1) "[could not] provide an expert opinion that any alleged negligence by Dr. Agarwal-Antal proximately caused injury to [Ms.] Hartung;" (2) "[was] not qualified to provide an expert opinion regarding chemical peels;" and (3) "[could not] provide an expert opinion that Dr. Agarwal-Antal breached the standard of care."  At the same time, Dr. Agarwal-Antal filed a supplement to the motion for partial summary judgment on the punitive damages claim.  The Hartungs responded in opposition to both the motion for summary judgment on the claim for medical malpractice and the supplemental motion for summary judgment as to the issue of punitive damages.

{¶4}   The trial court ultimately determined that the medical malpractice claim failed as a matter of law because the testimony of the Hartungs' expert failed to establish the required elements of proximate cause and injury.  The trial court, therefore, granted summary judgment on the Hartungs' "medical malpractice claim and vicarious liability claims."  The trial court further determined that the Hartungs' lack of informed consent claim remained pending and, consequently, the Hartungs' claim for punitive damages, which was based on the lack of informed consent claim, remained pending.

**{¶5}** Dr. Agarwal-Antal subsequently moved for summary judgment on the informed consent claim, alleging that summary judgment was warranted for the same reasons it was granted on their medical malpractice claims: (1) a lack of the requisite medical expert testimony; and (2) an inability to prove proximate cause and injury. The trial court determined that the Hartungs had failed to present any medical expert testimony to show proximate cause and injury on their claim for lack of informed consent. The trial court, therefore, granted summary judgment in favor of Dr. Agarwal-Antal on the Hartungs' informed consent claim. Consequently, the trial court further determined that the punitive damages claim failed as a matter of law because summary judgment had been granted on the Hartungs' medical malpractice and lack of informed consent claims, and "there can be no independent claim for punitive damages."

**{¶6}** Mrs. Hartung filed this timely appeal, raising three assignments of error for our review.

II.

**{¶7}** A review of a trial court's grant of summary judgment is considered de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). We apply the same standard as the trial court, viewing the facts in the light most favorable to the non-moving party and resolving any doubt in the favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983); *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359 (1992).

**{¶8}** Under Civ.R. 56(C), summary judgment is appropriate when:

(1)[no] genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). Summary judgment consists of a burden-shifting framework. The movant bears the initial burden of demonstrating the absence of genuine issues of material fact concerning the essential elements of the nonmoving party's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the moving party satisfies this burden, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 293.

{¶9} "In ruling on a motion for summary judgment, a trial court may not weigh the evidence and determine issues of fact." *Horner v. Elyria*, 9th Dist. Lorain No. 13CA010420, 2015-Ohio-47, ¶ 10. A court also "may not resolve questions of credibility on summary judgment." *Id.* citing *Turner v. Turner*, 67 Ohio St.3d 337, 341-342 (1993).

### Assignment of Error I

**The [t]rial [c]ourt erred when it weighed the credibility of [Mrs. Hartung]'s expert and granted summary judgment on negligence[.]**

{¶10} In their first assignment of error, the Hartungs argue that the trial court improperly weighed the credibility of their expert and granted summary judgment to Dr. Agarwal-Antal on the medical malpractice/negligence claim. We disagree.

{¶11} In order to establish a claim of medical malpractice, a plaintiff must show by a preponderance of the evidence that the defendant breached the standard of care owed to the plaintiff and that breach proximately caused an injury. *Bruni v. Tatsumi*, 46 Ohio St.2d 127 (1976), paragraph one of the syllabus. "A medical-malpractice claim requires the plaintiff to 'prove causation through medical expert testimony in terms of probability to establish that the injury was, more likely than not, caused by the defendant's negligence.'" *Segedy v. Cardiothoracic & Vascular Surgery of Akron, Inc.*, 182 Ohio App.3d 768, 2009-Ohio-2460, ¶ 11 (9th Dist.), quoting *Roberts v. Ohio Permanente Med. Group, Inc.*, 76 Ohio St.3d 483, 485, (1996). "An event

is probable if there is a greater than fifty percent likelihood that it produced the occurrence at issue." *Stinson v. England*, 69 Ohio St.3d 451 (1994), paragraph one of the syllabus, citing *Cooper v. Sisters of Cincinnati, Inc.*, 27 Ohio St.2d 242, 253 (1971).

{¶12} In her motion for summary judgment, Dr. Agarwal-Antal argued, inter alia, that the Hartungs' claim for medical malpractice failed as a matter of law because their sole liability expert, Dr. Michael Ehrenreich, "[could not] provide an expert opinion that any alleged negligence by Dr. Agarwal-Antal proximately caused injury to [Ms.] Hartung." In support of this argument, Dr. Agarwal-Antal points to the following testimony from Dr. Ehrenreich's deposition:

> Q. You cannot state that this patient suffered an injury as a result of the care and treatment provided by Dr. Agarwal-Antal in this case; true?
>
> A. Correct.
>
> Q. You cannot state to a reasonable degree of medical probability that any negligent act by Dr. Agarwal-Antal caused this patient injury; true?
>
> A. True.

{¶13} In response, the Hartungs argue that Dr. Ehrenreich stated that he also could not rule out the possibility that Mrs. Hartung suffered an injury, pointing to the  following exchange from his deposition:

> Q. And so I want to make sure I understand. Let's try it this way. Based on the photos, based on everything you've reviewed, you cannot state that she suffered any injury from this procedure; true?
>
> A. If you're going to phrase it that way, based on the photos, no. The patient has claimed injury, so I cannot state that she has no injury. She states that she has sensitive skin, that she reacts to sunlight, so I can't tell you that she doesn't have injury. All I can tell you is that from the pictures that I've [reviewed], I don't see injury. Whether or not she has some persistent sensitivity, light sensitivity, I don't know. I haven't examined her. I'm not testifying on that matter.

The Hartungs then state that Dr. Ehrenreich "reviewed an office note from Dr[.] Gregory Classen in which Dr[.] Classen, who physically examined Ms[.] Hartung, documented her altered

pigmentation and hypersensitivity[,]" and that Dr. Ehrenreich "does not need to have examined Ms[.] Hartung personally to opine on the claimed injury in this case based upon the records he reviewed."

{¶14} We fail to see the relevance of Dr. Ehrenreich's statement that he also could not definitely state that Mrs. Hartung did not sustain an injury. The Hartungs were required—through medical expert testimony—to set forth specific facts showing that there was a genuine issue as to the existence of an injury and that the injury was, more likely than not, caused by Dr. Agarwal-Antal's alleged negligence. *See Bruni*, 46 Ohio St.2d at 127, paragraph one of the syllabus; *Segedy,* 2009-Ohio-2460 at ¶ 11, quoting *Roberts,* 76 Ohio St.3d 483 at 485. In this case, Dr. Ehrenreich, Mrs. Hartung's own expert, specifically testified that he could not state that Mrs. Hartung suffered any injury, let alone that that injury was the result of the care and treatment provided by Dr. Agarwal-Antal. Regardless of the Hartungs' claim that Dr. Ehrenreich could have relied on the notes of the doctor who examined Mrs. Hartung, and that he did not need to examine her himself, Dr. Ehrenreich was unable to opine that Mrs. Hartung was injured. The Hartungs did not identify any expert witnesses other than Dr. Ehrenreich nor did they point to any medical expert testimony other than that of Dr. Ehrenreich to show a genuine issue as to the existence of an injury caused by Dr. Agarwal-Antal's treatment.

{¶15} On appeal, the Hartungs argue that the trial court considered Dr. Ehrenreich's deposition answers in isolation and not in context of the entire transcript and that by "doing so[,] the trial court weighed the credibility of the expert and therefore did not evaluate the testimony * * * in the light most favorable to Betty Hartung." Thus, it appears the Hartungs have conflated the argument that the trial court failed to construe the evidence in their favor and the argument that the trial court improperly weighed the expert testimony in this case. Regardless of this confusion,

a thorough review of the record, and in particular, the trial court's journal entry and Dr. Ehrenreich's deposition testimony, shows that the trial court did not err in either respect.

{¶16} First, it is well established that a trial court may not weigh evidence or resolve questions of credibility on summary judgment. *See Horner*, 2015-Ohio-47 at ¶ 10. Second, this Court has stated that when considering a deposition transcript in the context of summary judgment, a "trial court must review and consider the entire transcript, not just excerpts or isolated statements when determining whether a plaintiff has set forth evidence of proximate cause." *Pearson v. Alpha Phi Alpha Homes, Inc.*, 9th Dist. Summit No. 29026, 2019-Ohio-960, ¶ 20, citing *Lyle v.PK Mgt., LLC*, 3d Dist. Hancock No. 5-09-38, 2010-Ohio-2161, ¶24-25. If "a court fails to consider the deponent's answers in context of the entire transcript, the trial court fails to construe the evidence in the light most favorable to the nonmoving party." *Id.*

{¶17} In support of both arguments, the Hartungs appear to argue that the trial court should have considered Dr. Ehrenreich's testimony within the context of his statements that he "had reviewed office notes noting injury." This argument ignores the requirement that proximate cause and injury be shown through medical expert testimony. *See Bruni*, 46 Ohio St.2d at 127, paragraph one of the syllabus. The Hartungs did not identify the author of the "office note" as an expert witness in this case, nor have they explained how Dr. Ehrenreich's review of that note constitutes medical expert testimony. Upon this Court's own review of the transcript, we cannot say that the trial court failed to consider Dr. Ehrenreich's answers in the context of the entire transcript nor can we say that the trial court weighed the evidence or Dr. Ehrenreich's credibility in any way. Taken as a whole, Dr. Ehrenreich's testimony was speculative as to whether or not Dr. Agarwal-Antal breached the standard of care in this case, and definitive as to his own inability

to state that Dr. Agarwal-Antal's treatment, negligent or not, caused injury to Mrs. Hartung despite his review of the note.

{¶18} In their merit brief, the Hartungs also argue that medical expert testimony was not required in this case because a jury of laypersons can determine if Dr. Agarwal-Antal was negligent because "[t]his case does not involve complex medical issues." Although medical expert testimony is generally required to show that a physician deviated from the requisite standard of care, "there is an exception to that rule in cases where the nature of the case is such that the lack of skill or care of the physician * * * is so apparent as to be within the comprehension of laymen and requires only common knowledge and experience to understand and judge it, and in such case expert testimony is not necessary." *Bruni*, 46 Ohio St.2d at 130. Nonetheless, the Hartungs do not explain how the application of a chemical peel is within the common knowledge and experience of a layman nor did they raise this argument in the trial court below. "Arguments that were not raised in the trial court cannot be raised for the first time on appeal." *JPMorgan Chase Bank, Natl. Assn. v. Burden*, 9th Dist. Summit No. 27104, 2014-Ohio-2746, ¶ 12. As this argument is not properly before this Court, we decline to address it. *See id.*

{¶19} Based on the foregoing, we conclude that Dr. Agarwal-Antal's motion for summary judgment demonstrated an absence of genuine issues of material fact concerning the elements of proximate cause and injury, and that the Hartungs, in response, did not set forth any specific facts showing a genuine issue for trial. *See Dresher*, 75 Ohio St.3d at 292-293. Therefore, the trial court did not err in granting Dr. Agarwal-Antal summary judgment on the claim for medical malpractice/negligence.

{¶20} The Hartungs' first assignment of error is overruled.

**Assignment of Error II**

**The [t]rial [c]ourt erred when it granted summary judgment on the issue of consent[.]**

{¶21}  In their second assignment of error, the Hartungs contend that the trial court erred when it entered summary judgment on the informed consent claim because, (1) "[a]ny and all alleged consent in this case was verbal, not written, [and] therefore[,] not able to be analyzed in summary judgment[;]" or (2) medical expert testimony was not required because the claim was for medical battery rather than informed consent.  We disagree on both points.

{¶22}  In her supplemental motion for summary judgment, Dr. Agarwal-Antal argued that summary judgment was also warranted on the Hartungs' informed consent claim for the same reasons it was granted on their medical malpractice claims: (1) a lack of the requisite medical expert testimony; and (2) an inability to prove proximate cause and injury.

{¶23}  The tort of lack of informed consent is a medical claim and, therefore, "medical testimony is required to establish both the material risks and dangers inherently and potentially involved with a medical procedure and that an undisclosed risk or danger actually materialized and proximately caused injury to the patient * * * ."  *White v. Leimbach*, 131 Ohio St.3d 21, 2011-Ohio-6238, syllabus.  To show that the Hartungs failed to present medical expert testimony to establish the elements of their claim, Dr. Agarwal-Antal pointed to the following exchange from Dr. Ehrenreich's testimony:

> Q.     * * * Can we agree that Dr. Antal complied with the standard of care regarding informed consent regarding the chemical peel?
>
> A.     I am not opining on informed consent.
>
> Q.     So you don't have any opinion one way or the other?

A.     Yeah.  My letter speaks to specifically the application of 35 percent TCA in two coats, and that is the issue of the standard of care that I'm addressing.  I'm not speaking to her informed consent.  That's not something that's in my report.

Q.     Okay.  Well, understand, this is my one and only opportunity to question you before trial.  Okay?

A.     I understand.  I'm not an expert here with regard to her informed consent.  That's not the subject of my testimony.

Q.     So it's not your intention to come into a courtroom and say that there's not an informed consent in this case; is that fair?

A.     To the best of the materials that I've been asked to review and opine about, that's correct.

Q.     Well, I mean I just want to make sure.  You're kind of wavering on me, and I want to make sure I have an understanding.  You're not gonna say that Dr. Antal didn't get informed consent in this case; is that true?

A.     That's not what I'm testifying to.

{¶24}  In response to Dr. Agarwal-Antal's motion for summary judgment, the Hartungs argued that summary judgment was inappropriate because there was a factual dispute as to whether or not Betty was provided any information regarding her procedure.  The Hartungs contend that "[a]ny and all consent in this case was verbal, not written" and "the substance of the conversations differ as does what was said versus what was reported in the medical records."  In the same paragraph, however, the Hartungs contradict their argument by acknowledging a written consent, but stating that "[t]he only written consent signed by Betty [was] only for her arms and does not describe any aspect of the procedure." The Hartungs next point to their affidavit of merit and an office note from a doctor, and allege that both show a diagnosis of injury and a causal relationship to Dr. Agarwal-Antal's treatment of Mrs. Hartung.

{¶25}  However, as explained above, medical expert testimony is required to establish the material risks and dangers of a medical procedure and that an undisclosed risk or danger actually

materialized and proximately caused an injury to the plaintiff. *Leimbach*, 2011-Ohio-6238 at syllabus. In this case, the Hartungs did not identify the author of their affidavit of merit and the office note as an expert in this case, nor did they explain why their affidavit of merit read in conjunction with the office note should be treated as medical expert testimony. Moreover, Civ.R. 10(D)(2)(d) expressly provides that although an affidavit of merit is required to establish the adequacy of the complaint, it "shall not otherwise be admissible as evidence or used for purposes of impeachment." Thus, the Hartungs did not provide any medical expert testimony on the claim of informed consent.

{¶26} In the alternative, the Hartungs argued that their claim was not a claim for lack of informed consent, but rather a claim for medical battery that did not require medical expert testimony. While Dr. Hartung challenges whether Ohio law still recognizes the tort of medical battery[1], we need not resolve that issue because a review of the complaint shows that the Hargtungs' claim was indeed a claim for lack of informed consent. First, we note that the Hartungs captioned their cause of action "Informed Consent." We recognize that this is alone not dispositive because, when this Court "constru[es] a complaint, we look to the substance of the complaint, not the caption, to determine the nature of the cause being pleaded." *Byers DiPaula Castle, L.L.C. v. Portage Cty. Commrs.*, 11th Dist. Portage No. 2014-P-0047, 2015-Ohio-3089, ¶ 24, citing *Funk v. Rent-All Mart, Inc.*, 91 Ohio St.3d 78, 80 (2001). The Hartungs' claim alleges that Dr. Agarwal-Antal "breached her duty owed to [Mrs. Hartung] by failing to

---

[1] *See Leimbach* at ¶ 24, quoting Prosser and Keeton on the Law of Torts, Section 32, 190 (5th Ed.1984) ("The doctrine of informed consent emerged in the context of the tort of battery because courts treated the failure to obtain informed consent as vitiating the patient's consent to the procedure; however, 'it began to be recognized that the matter was really one of the standard of professional conduct, and so negligence has now generally displaced battery as the basis for liability.'")

disclose and discuss risks and dangers associated with the use of [a] chemical that was stronger than necessary and stronger than recommended" and that Mrs. Hartung "would have decided against the level of strength of the chemicals used if these risks and dangers had been disclosed to her prior to the application of the chemical." The Supreme Court of Ohio has stated that the tort of lack of informed consent is established when:

> "(a) The physician fails to disclose to the patient and discuss the material risks and dangers inherently and potentially involved with respect to the proposed therapy, if any;
>
> "(b) the unrevealed risks and dangers which should have been disclosed by the physician actually materialize and are the proximate cause of the injury to the patient; and
>
> "(c) a reasonable person in the position of the patient would have decided against the therapy had the material risks and dangers inherent and incidental to treatment been disclosed to him or her prior to the therapy."

*Nickell v. Gonzales*, 17 Ohio St.3d 136 (1985), syllabus. Thus, we conclude, based on the substance of the pleadings, that the Hartungs stated a claim for lack of informed consent.

{¶27} Therefore, based on the foregoing, we conclude that Dr. Agarwal-Antal's motion for summary judgment demonstrated an absence of genuine issues of material fact concerning the elements of proximate cause and injury, and that the Hartungs, in response, did not set forth any specific facts showing a genuine issue for trial. *See Dresher*, 75 Ohio St.3d at 292-293.

{¶28} The Hartungs' second assignment of error is overruled.

### Assignment of Error III

**The [t]rial [c]ourt erred when it granted summary judgment on [Mrs. Hartung]'s punitive damages claim[.]**

{¶29} In their third assignment of error, the Hartungs contend that the trial court erred in granting summary judgment to Dr. Agarwal-Antal on their claim for punitive damages.

{¶30} The Hartungs' claim for punitive damages alleged that Dr. Agarwal-Antal doctored, edited, or altered Mrs. Hartung's medical chart in an effort to avoid liability. R.C. 2315.21(C) permits recovery of punitive damages in a tort action when both of the following apply:

> (1) The actions or omissions of [the] defendant demonstrate malice or aggravated or egregious fraud * * *.

> (2) The trier of fact has returned a verdict or has made a determination pursuant to division (B)(2) or (3) of this section of the total compensatory damages recoverable by the plaintiff from [the] defendant.

Thus, "[p]unitive damages may not be awarded in Ohio absent proof of actual damages." *Cabe v. Lunich*, 70 Ohio St.3d 598, 601 (1994). Accordingly, "[p]unitive damages are not an independent cause of action; rather, they arise incident to compensable harm." *Whetstone v. Binner*, 146 Ohio St.3d 395, 2016-Ohio-1006, ¶ 20. As we have already determined that Dr. Agarwal-Antal was entitled to summary judgment on the claims for medical malpractice and lack of informed consent, no claims remained pending for which compensatory damages could have been awarded. Therefore, we conclude that the Hartungs' argument that the trial court erred by granting summary judgment on their claim for punitive damages lacks merit.

{¶31} The Hartungs' third assignment of error is overruled.

III.

{¶32} The Hartungs' first, second, and third assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JULIE A. SCHAFER
FOR THE COURT

CALLAHAN, P. J.
CONCURS.

CARR, J.
CONCURRING IN PART, AND DISSENTNG IN PART.

{¶33} I concur with the majority's resolution of Mrs. Hartung's first assignment of error. However, I respectfully dissent from the majority's disposition of Mrs. Hartung's second and third assignments of error.

{¶34} I would conclude that, viewing the entirety of the complaint in light of the arguments made at summary judgment, Mrs. Hartung's captioned informed consent claim could be viewed as a claim for medical battery with respect to the chemical peel that was applied to her face. The written informed consent form only applied to Mrs. Hartung's hands and arms, and

viewing Mrs. Hartung's testimony in a light most favorable to her, I would conclude there remains a genuine issue of material fact with respect to whether there was any consent for the chemical peel to be applied to her face.

{¶35} "Whereas the threshold question in an informed consent case is whether the patient's lack of information negated her consent, the question in a medical battery case is much simpler: Did the patient consent at all?" *Shuler v. Garrett*, 743 F.3d 170, 172-173 (6th Cir.2014). Accordingly, "[i]f a physician treats a patient without authorization or consent, the physician has committed a technical battery." *Marcum v. Holzer Clinic, Inc.*, 4th Dist. Gallia No. 03CA25, 2004-Ohio-4124, ¶ 37; *see also Miller v. MetroHealth Med. Ctr.*, 8th Dist. Cuyahoga No. 106104, 2018-Ohio-1202, ¶ 13. "Unconsented touching can arise either because no consent was given, or because the consent given was limited and the procedures performed went beyond the boundaries of the consent that was given." *Dean v. Akron Gen. Med. Ctr.,* 9th Dist. Summit No. 18636, 1999 WL 1260287, *4 (Dec. 22, 1999). "Examples of a battery in a medical setting include cases when a surgeon removes a portion of a patient's stomach without her consent, * * * when a surgeon uses an anesthetic specifically prohibited by the plaintiff, * * * and when a different surgeon than the one authorized by the plaintiff performs the procedure. (Internal citations omitted.) *Marcum* at ¶ 37. "If the unconsented touching is harmless or beneficial, only nominal damages are permitted. If the plaintiff is actually injured, compensatory damages may be awarded." (Internal citation omitted.) *Dean* at *4. "To determine the extent of possible legal liability in a battery, the trier of fact must determine what harm was proximately caused by the defendant's wrongful act. Under both negligence and battery claims, a defendant is liable only for harms that are proximately caused by the tortious act." (Internal quotations and citation omitted.) *Schwaller v. Maguire*, 1st Dist. Hamilton No. C-020555, 2003-Ohio-6917, ¶ 14. In many cases, a claim for battery need not be

established by expert testimony because "the factual merits of [such a claim] are comprehensible by laypersons[.]" *Guth v. Huron Road Hosp.*, 43 Ohio App.3d 83, 85 (8th Dist.1987).

{¶36} Given the foregoing, I would conclude a genuine issue of material fact remains with respect to whether Dr. Agarwal-Antal committed battery. Thus, the trial court erred in granting summary judgment on that claim and Mrs. Hartung's second assignment of error should be sustained. In light of that determination, it was also improper for the trial court to conclude that Mrs. Hartung could not recover punitive damages. The trial court concluded that, because no claims remained pending, there was no basis for Mrs. Hartung to recover any damages. As the trial court erred in granting summary judgment on Mrs. Hartung's battery claim, the trial court also incorrectly concluded that there was no basis upon which she could recover damages. Therefore, I would sustain Mrs. Hartung's third assignment of error as well.

APPEARANCES:

JESSICA M. BACON, Attorney at Law, for Appellant.

GREGORY ROSSI, Attorney at Law, for Appellee.