O’Connor, CJ.
{¶ 1} In this appeal, we address whether punitive damages can be awarded against the estate of a deceased tortfeasor. We conclude that a punitive-damages award is available in the limited circumstances presented here.
Relevant Background
{¶ 2} On June 29, 2010, Christine Whetstone dropped off her daughters, O.C. and L.C., at the home of their great-aunt, Roxanne McClellan, who was to babysit. The girls were just over five and two years old, respectively. When Whetstone returned to McClellan’s home, she entered a bedroom and found McClellan with one hand on O.C.’s neck and the other hand holding a pillow over O.C.’s face. Whetstone struggled with McClellan and eventually was able to free O.C. Whetstone fled the house with O.C. and L.C., who had remained asleep in the bedroom during the incident.
{¶ 3} Whetstone immediately reported the incident to the police and took O.C. to the emergency room. There, the physician noted O.C.’s injuries, including a mark on her cheek, scratches on her chin and chest, and a hemorrhage in her eye.
{¶ 4} Whetstone and her daughters attended counseling after the incident. All three were eventually diagnosed with posttraumatic stress disorder. Whetstone reported that she had nightmares, anxiety, and anger, while her daughters had trouble sleeping and continued to fear McClellan.
{¶ 5} On October 1, 2010, Whetstone, individually and on behalf of her daughters, filed a civil suit against McClellan for assault, false imprisonment, emotional distress, and loss of consortium. She requested compensatory and punitive damages.
*396 {¶ 6} On November 18, 2010, after McClellan failed to respond to the complaint, the trial court entered a default judgment against her. The court scheduled an evidentiary hearing on damages for January 6, 2011.
{¶ 7} On December 29, 2010, McClellan moved for relief from the default judgment, asserting that she was unaware of the complaint until after the deadline for filing an answer had passed. She disclosed that she had been diagnosed with terminal cancer and had been undergoing chemotherapy treatments since October 2010, and she requested a postponement of the damages hearing because she was scheduled for a treatment on the same day as that hearing. The hearing was postponed.
{¶ 8} On April 7, 2011, the court denied McClellan’s request for relief from the default judgment and stated that it would reschedule a damages hearing by separate entry.
{¶ 9} McClellan died on April 22, 2011, before the damages hearing was rescheduled. On December 30, 2011, the court granted Whetstone’s motion to substitute Erin Binner, the administrator of McClellan’s estate, as a party.
{¶ 10} In April 2012, the court scheduled a damages hearing at Whetstone’s request. Binner obtained counsel and the parties engaged in discovery. The damages hearing commenced on July 26, 2012, and concluded on December 3, 2012.
{¶ 11} At the damages hearing, the court heard testimony from Whetstone, O.C., and Dawn McCoy, a licensed clinical social worker who provided counseling services to Whetstone and her daughters. Binner appeared and was represented by counsel. The parties filed posthearing briefs containing their closing arguments. Notably, although Binner argued that punitive damages should not be awarded because no evidence of McClellan’s malice had been presented, she did not object to the request for punitive damages on the basis of McClellan’s death either during the hearing or in the posthearing brief.
{¶ 12} On May 7, 2013, the trial court awarded limited compensatory damages to Whetstone and L.C. and $50,000 in compensatory damages to O.C. The court concluded that punitive damages could not be properly awarded against the estate of a deceased tortfeasor. Because punitive damages were not awarded, the court determined that an award of attorney fees was unwarranted.
{¶ 13} The Fifth District Court of Appeals reversed, holding that an award of punitive damages against a deceased tortfeasor is permissible under Ohio law. 2014-0hio-3018, 15 N.E.3d 905, ¶ 26. The appellate court remanded for the trial court to determine whether to impose punitive damages and a corresponding award of attorney fees.
*397 {¶ 14} We accepted the estate’s discretionary appeal on whether punitive damages can be awarded against the estate of a deceased tortfeasor. 141 Ohio St.3d 1473, 2015-Ohio-554, 25 N.E.3d 1080.
Analysis
{¶ 15} The purpose of punitive damages is twofold — to punish the tortfeasor and to deter similar conduct. Moskovitz v. Mt. Sinai Med. Ctr., 69 Ohio St.3d 638, 651, 635 N.E.2d 331 (1994). “The policy of awarding punitive damages in Ohio is both to punish the offending party and to set him up as an example to others, thereby deterring others from similar behavior.” Cabe v. Lunich, 70 Ohio St.3d 598, 601-602, 640 N.E.2d 159 (1994). In other words, deterrence is intended to be both specific to a particular tortfeasor and general as an example to others.
{¶ 16} Ohio law is well settled that punitive damages are available for personal injury or property loss caused by malice or “ ‘ “intentional, reckless, wanton, willful and gross acts.” ’ ” Rubeck v. Huffman, 54 Ohio St.2d 20, 23, 374 N.E.2d 411 (1978), quoting Columbus Fin., Inc. v. Howard, 42 Ohio St.2d 178, 184, 327 N.E.2d 654 (1975), quoting the appellants’ brief. Pursuant to R.C. 2305.21, the right to punitive damages continues when an injured plaintiff has died and the plaintiffs claim is pursued by a representative of his or her estate. Id. But the specific question before the court here — whether punitive damages can be imposed against a deceased tortfeasor — is a matter of first impression in this court.
{¶ 17} The appellate court correctly noted that the majority of other jurisdictions prohibit punitive-damages awards against a deceased tortfeasor. 2014-Ohio-3018, 15 N.E.3d 905, ¶ 23; see also, e.g., In re Estate of Vajgrt, 801 N.W.2d 570, 576-577 (Iowa 2011). Some jurisdictions have adopted this approach through legislative enactments, and others through court rulings. Id. at 576. “The reasoning behind these decisions is essentially that the primary purposes of imposing punitive damages are not furthered when the tortfeasor is deceased,” because the deterrence element of awarding punitive damages is speculative if there is a perception that the estate, rather than the tortfeasor, is being punished. G.J.D. v. Johnson, 552 Pa. 169, 172-173 (1998).
{¶ 18} Nonetheless, a minority of jurisdictions have allowed recovery of punitive damages when the tortfeasor has died. 2014-0hio-3018, ¶ 25; Vajgrt at 577. The Pennsylvania Supreme Court in G.J.D. summarized the reasoning of the minority approach in three main points. First, even when the tortfeasor dies, punitive damages still serve the general purpose of deterrence. G.J.D. at 176. Second, the heirs and beneficiaries of the deceased tortfeasor’s estate “are in essentially the same financial position as if the tortfeasor were living at the time damages were awarded,” because an award prior to death would have reduced *398 the assets available to the estate. Id. at 176-177. And third, there are safeguards to protect against an arbitrary award, including jury instructions that clarify that the damages awarded by the jury will be imposed against the estate. Id. at 177.
{¶ 19} In Ohio, there is no statutory provision that precludes imposing punitive damages on a deceased tortfeasor. We note that the cases from states that have adopted the majority view that were cited by the appellate court do not involve a tortfeasor who was alive at the time the trial court entered judgment on the issue of the tortfeasor’s liability. 2014-0hio-3018, ¶ 23. Rather, in each of the cited cases, the tortfeasor had died prior to a judgment or jury verdict on liability. This distinction is significant because the availability of punitive damages is triggered by liability for compensable harm.
{¶ 20} Punitive damages are not an independent cause of action; rather, they arise incident to compensable harm. Niskanen v. Giant Eagle, Inc., 122 Ohio St.3d 486, 2009-Ohio-3626, 912 N.E.2d 595, ¶ 12-13. Punitive damages are available in a tort action when compensatory damages are recoverable and the defendant’s actions or omissions demonstrate malice or aggravated or egregious fraud. R.C. 2315.21(C)(1) and (2). The plaintiff bears the burden to establish entitlement to punitive damages by clear and convincing evidence. R.C. 2315.21(D)(4). But an award of punitive damages is not automatic. Even when a plaintiff can establish entitlement to punitive damages, whether to impose punitive damages, and in what amount, is left to the trier of fact.
{¶ 21} Here, the trial court entered a default judgment on November 18, 2010, five months before McClellan’s death in April 2011. And prior to McClellan’s death, the trial court denied her request for relief from the default judgment. Pursuant to Civ.R. 8(D), there could be no dispute regarding McClellan’s liability as alleged in the complaint because those allegations were deemed admitted when not denied in a responsive pleading. Thus, the court determined before McClellan’s death that she was liable for assault, false imprisonment, emotional distress, and loss of consortium and that these acts were committed with malice and were egregious. Therefore, McClellan, and her estate after her death, faced the potential award of punitive damages.
{¶ 22} The liability determination against McClellan triggered the availability of compensatory and punitive damages while she was alive. Following the entry of default judgment, all that remained was a damages hearing in order for the trier of fact to determine the amount of damages, if any.
{¶ 23} But for the postponement of the damages hearing at McClellan’s request, the damages hearing could have occurred while she was alive. Even after McClellan’s death, Binner participated in the hearing on damages as a representative of McClellan’s estate. The trial court awarded compensatory *399 damages, but sua sponte declined to award punitive damages due to McClellan’s death. It was error to do so.
{¶ 24} We conclude that in cases in which liability has been determined while the tortfeasor is alive, punitive damages are available to the plaintiff. To hold otherwise would send a message that by delaying a damages hearing, a defendant or his or her estate might avoid the award of punitive damages. Allowing an award of punitive damages when liability has been determined prior to a tortfeasor’s death still accomplishes the general deterrence purpose of such awards. See G.J.D., 552 Pa. at 176 (“The deterrent effect on the conduct of others is no more speculative in the instant case than in cases where the tortfeasor is alive”).
{¶25} McClellan’s death is not without relevance in the punitive-damages context, however. At a punitive-damages hearing, the trier of fact may consider that McClellan is not present to testify and that a punitive-damages award will be imposed against the estate. See id. at 177.
{¶26} We do not reach whether McClellan’s actions warrant a punitive-damages award in any amount. We conclude only that a hearing on- punitive damages can proceed.
Conclusion
{¶ 27} For the foregoing reasons, we affirm the judgment of the court of appeals, and we remand to the trial court for a hearing on punitive damages and attorney fees.
Judgment affirmed and cause remanded.
Pfeifer, French, and O’Neill, JJ., concur.
O’Donnell, J., dissents, with an opinion in which Kennedy, J., joins.
Lanzinger, J., dissents, with an opinion in which Kennedy, J., joins.