[Cite as *Chuparkoff v. Ohio Title Loans*, 2019-Ohio-209.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

TED CHUPARKOFF

    Appellant

    v.

OHIO TITLE LOANS

    Appellee

C.A. No.    29008

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2016-11-4951

DECISION AND JOURNAL ENTRY

Dated: January 23, 2019

SCHAFER, Presiding Judge.

**{¶1}** Plaintiff-Appellant, Ted Chuparkoff, appeals the judgment of the Summit County Court of Common Pleas. For the reasons that follow, this Court affirms in part and reverses in part.

I.

**{¶2}** On November 22, 2016, Mr. Chuparkoff filed complaint for money damages against Ohio Title Loans. The complaint alleges that Ohio Title Loans trespassed onto Mr. Chuparkoff's property and "stole valuable personal property belonging to [Mr. Chuparkoff] which was contained in a [vehicle]." Although it is not stated in the complaint, the alleged theft of Mr. Chuparkoff's personal property occurred in the course of Ohio Title Loans's repossession of a vehicle belonging to Mr. Chuparkoff's son. Mr. Chuparkoff claims that, while he was merely custodian of the vehicle, he is the owner of the personal property that was contained therein. He requested compensatory damages for the appropriation of his personal property.

Additionally, Mr. Chuparkoff alleged that the Ohio Title Loans's actions in the theft of his personal property were "intentional, purposeful, deliberate and punitive" and demanded "punitive judgment in excess of $25,000.00 for [Ohio Title Loans's] punitive acts."

{¶3} Mr. Chuparkoff moved for default judgment on January 18, 2017. Despite receiving service of summons and a copy of the complaint, Ohio Title Loans failed to file a responsive pleading or otherwise appear in the action. Accordingly, the trial court granted the motion for default judgment and set the matter over for a hearing before a magistrate to determine the issue of damages.

{¶4} The magistrate issued a decision on March 3, 2017, finding that Mr. Chuparkoff failed to establish that he sustained any damages. Mr. Chuparkoff timely presented the trial court with objections to the magistrate's decision, including a transcript of the hearing before the magistrate. The trial court issued a judgment entry overruling the objections. The trial court modified the magistrate's decision to find that Mr. Chuparkoff was entitled to damages in the nominal amount of $10.00, but declined to consider Mr. Chuparkoff's request for an award of punitive damages.

{¶5} Mr. Chuparkoff timely appealed the trial court's judgment and presents two assignments of error for our review. Ohio Title Loans did not appear in the action before the trial court, and has not appeared in this appeal.

II.

**Assignment of Error I**

**The Court of Common Pleas erred as a matter of law when it denied [Mr. Chuparkoff]'s request for compensatory damages as such was against the manifest weight of the evidence.**

{¶6} In the first assignment of error, Mr. Chuparkoff argues that the trial court's judgment for compensatory damages on his claims of conversion and unjust enrichment is against the manifest weight of the evidence. Relative to this assignment of error, the trial court considered Mr. Chuparkoff's objection to the magistrate's finding that Mr. Chuparkoff failed to prove any amount of compensatory damages. In its judgment entry, the trial court acknowledged that the magistrate found that Mr. Chuparkoff failed to establish that he sustained any damages, and the court ostensibly adopted this finding. Nonetheless, the trial court concluded that Mr. Chuparkoff was entitled to an award of nominal damages and entered judgment in his favor in the amount of $10.00. It is implicit in this award of nominal damages that, contrary to the magistrate's finding and the trial court's purported adoption thereof, the court recognized that Mr. Chuparkoff did sustain *some* damage. The trial court also found that Mr. Chuparkoff failed to timely raise the issue of unjust enrichment and overruled his objection to the magistrate's decision on those grounds.

{¶7} "Generally, the decision to adopt, reject, or modify a magistrate's decision lies within the discretion of the trial court and should not be reversed on appeal absent an abuse of discretion." *Barlow v. Barlow*, 9th Dist. Wayne No. 08CA0055, 2009-Ohio-3788, ¶ 5. However, pursuant to our review, "we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai v. Tabatabai*, 9th Dist. Medina No. 08CA0049-M, 2009-Ohio-3139, ¶ 18. Where, as is the case here, a party contends that the trial court's judgment is against the manifest weight of the evidence in a civil case, this Court

> weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered.

(Alterations sic.)  *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 20, quoting *Tewarson v. Simon*, 141 Ohio App.3d 103, 115 (9th Dist. 2001).

## A.  <u>Unjust Enrichment</u>

{¶8}    Mr. Chuparkoff argues that he is entitled to recover damages for unjust enrichment in the amount of $8,500.00 for Ohio Title Loans's retention of a $10,000.00 vehicle for a $1,500.00 lien, $3,000.00 for money Mr. Chuparkoff expended for work performed on the vehicle prior to its repossession, and $25.00 for gasoline.  The damages he attributes to unjust enrichment total $11,525.00.

{¶9}    "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefore[.]"  Civ.R. 55(A).  A default

> arises only when the defendant has failed to contest the allegations raised in the complaint and it is thus proper to render a default judgment against the defendant as liability has been admitted or "confessed" by the omission of statements refuting the plaintiff's claims. * * * It is only when the party against whom a claim is sought fails to contest the opposing party's allegations by either pleading or otherwise defend[ing] that a default arises.

(Internal quotations omitted.) *Ohio Valley Radiology Assocs. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 121 (1986), quoting *Reese v. Proppe*, 3 Ohio App.3d 103, 105 (8th Dist.1981).  "A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment."  Civ.R. 54(C).  Therefore, "[a] default judgment cannot lie against a defendant for claims that were not asserted." *Vikoz Ents., LLC v. Wizards of Plastic Recycling, Inc.*, 9th Dist. Summit No. 25759, 2011-Ohio-4486, ¶ 7.

{¶10}  Mr. Chuparkoff has not demonstrated that he stated a claim for unjust enrichment in his initial pleading. "A claim for unjust enrichment, or quantum meruit, is an equitable claim based on a contract implied in law, or a quasi-contract" and "the elements of [the claims] are

identical." (Internal citations omitted.) *Padula v. Wagner*, 9th Dist. Summit No. 27509, 2015-Ohio-2374, ¶ 47. "To succeed on a claim for unjust enrichment, a plaintiff must show that (1) it conferred a benefit upon the defendant; (2) the defendant knew of the benefit; and '(3) the defendant retained the benefit under circumstances where it would be unjust to do so without payment.'" *Chaffee Chiropractic Clinic, Inc. v. Stiffler*, 9th Dist. Wayne No. 16AP0033, 2017-Ohio-7790, ¶ 24, quoting *Magnum Steel & Trading, L.L.C. v. Mink*, 9th Dist. Summit Nos. 26127 and 26231, 2013-Ohio-2431, ¶ 42. Upon this Court's review of the complaint, which is brief and notably vague, we find no basis for stating an unjust enrichment claim.

{¶11} Accordingly, we conclude that Mr. Chuparkoff cannot recover damages for unjust enrichment because he failed to plead such a claim and, consequently, the default judgment did not establish Ohio Title Loans's liability for unjust enrichment. Regardless of any evidence of damages Mr. Chuparkoff may have presented at the damage hearing as to a conceivable unjust enrichment claim, his failure to plead it is fatal in the context of a Civ.R. 55 motion for default judgment. Based on the foregoing, we conclude that the trial court did not err by declining to award such damages in its judgment.

**B. Conversion**

{¶12} Mr. Chuparkoff also contends that he established evidence to show that he is entitled to damages in the amount of "$400.00 for the replacement of the garage door opener which was illegally converted by [Ohio Title Loans]." The complaint, vague as though it may be, clearly established a claim for conversion of Mr. Chuparkoff's personal property, to wit: his garage door opener and client files. Because the trial court granted his motion for default judgment as to the issue of liability, Mr. Chuparkoff needed only to establish his damages at the hearing before the magistrate. *See* Civ.R. 55(A) ("If, in order to enable the court to enter

judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings * * *.")

{¶13} Regarding his personal property, Mr. Chuparkoff testified that Ohio Title Loans took and failed to return his garage door opener and his client files. As to the client files, Mr. Chuparkoff did not offer any dollar amount to quantify damages for that loss, testifying as follows:

> In that vehicle, I had private, confidential, privileged records of clients that lawyers are required to keep for seven years. I can't tell you what was in those files, but they are voluminous. But they could have been lots of personal stuff. Those files cannot be replaced. I don't know the value of that.

As to the garage door opener, Mr. Chuparkoff testified, "I got an estimate it would cost between around [$400.00] to replace that." The magistrate awarded no damages, however, finding that Mr. Chuparkoff "did not introduce any evidence to establish what personal property he had in the vehicle at the time of the repossession and/or the value thereof." The magistrate concluded that Mr. Chuparkoff "failed to establish that he sustained any damages in this matter."

{¶14} Upon review of the objections, the trial court stated that it adopted the magistrate's decision that Mr. Chuparkoff failed to establish that he sustained any damages. However, the trial court impliedly modified the magistrate's finding to the extent that it recognized that Mr. Chuparkoff had presented some evidence that he lost personal property. Even so, the trial court went on to find that "Mr. Chuparkoff did not offer any documentary testimony that it would cost 'around [$400.00]' to replace the garage door opener." The trial court found that Mr. Chuparkoff's testimony as to the cost to replace the garage door opener was "not competent, credible evidence" solely because it was presented "without any further testimony or documentation."

{¶15} When this court considers the weight of the evidence, "we are always mindful of the presumption in favor of the trial court's factual findings. [T]he weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." (Internal quotations and citations omitted.) *T.S. v. R.S.*, 9th Dist. Summit No. 27955, 2017-Ohio-281, ¶ 4. The trier of fact is free to believe "all, part, or none of the testimony of any witness who appeared before it[,]" and "[t]he mere fact that testimony is uncontroverted does not necessarily require a [trier of fact] to accept the evidence if the [trier of fact] found that the testimony was not credible." *Bradley v. Cage*, 9th Dist. Summit No. 20713, 2002 WL 274638, *2. In this instance the magistrate, not the trial judge, took evidence and heard the testimony of Mr. Chuparkoff. However, the magistrate made no finding as to the competence or credibility of Mr. Chuparkoff's testimony, but instead disregarded that evidence altogether by finding that he presented no evidence to establish damages.

{¶16} The trial court, upon its review of the transcript of the hearing before the magistrate, made an independent determination finding that Mr. Chuparkoff's testimonial evidence was not competent or credible. When considering a magistrate's decision in the form of a written transcript the trial court "lacks the advantage of physically viewing the witnesses in order to aid in determining truthfulness" and "may have little, if any, greater advantage in determining the credibility of the witnesses than this court would upon review of the trial court's decision." *In re J.W.*, 9th Dist. Lorain No. 10CA009939, 2011-Ohio-3744, ¶ 24, quoting *DeSantis v. Soller*, 70 Ohio App.3d 226, 232-233 (10th Dist.1990). The trial court's finding is not based on its perception of the truthfulness of Mr. Chuparkoff's testimony and, therefore, is not afforded any additional deference.

**{¶17}** Moreover, the trial court's finding is not truly based on a credibility assessment or competency finding. Although the reliability of Mr. Chuparkoff's evidence might have been objectionable on grounds not raised in this matter, the mere fact that his testimony was not corroborated by additional evidence is not a proper basis for the trial court's finding that it was not "competent, credible evidence." Thus, we conclude that the trial court erred in rejecting Mr. Chuparkoff's unrefuted testimony that the cost to replace the garage door opener was "around [$400.00]" on the basis that such testimony was not accompanied by additional testimony or documentation.

**{¶18}** The trial court concluded that, having failed to prove compensatory damages, Mr. Chuparkoff was entitled to an award of nominal damages in the amount of $10.00. "Nominal damages may be awarded where an injury has been proven but the evidence fails to establish the extent of loss to the plaintiff." *Cambridge Co. Ltd. v. Telsat Inc.*, 9th Dist. Summit No. 23935, 2008-Ohio-1056, ¶ 11. As discussed above, there is evidence in the record as to the amount of damages Mr. Chuparkoff sustained in the form of his testimony that the cost to replace the garage door opener would be approximately $400.00. There is no other evidence in the record weighing against Mr. Chuparkoff's testimony. Nominal damages may have been appropriate on the loss of client files for which Mr. Chuparkoff presented no evidence to quantify the amount of his damages. However, the trial court failed to consider evidence of damages established by uncontroverted testimony as to Mr. Chuparkoff's cost to replace the garage door opener. Accordingly, we find that the trial court's award of $10.00 in nominal damages is not supported by the record and is against the manifest weight of the evidence.

C.  **Conclusion**

{¶19}  Mr. Chuparkoff did not plead a claim for unjust enrichment, and is not entitled to recover compensatory damages upon a default judgment based on a cause of action not pleaded in the complaint.  Upon Mr. Chuparkoff's conversion claim, the trial court erred by awarding damages in an amount against the weight of the evidence.  Therefore, Mr. Chuparkoff's first assignment of error is overruled in part and sustained in part.

### Assignment of Error II

**The Court of Common Pleas erred as a matter of law when it denied [Mr. Chuparkoff]'s request for punitive damages as such is required under the law.**

{¶20}  In the second assignment of error, Mr. Chuparkoff argues that he provided sufficient evidence to establish that he was entitled to punitive damages, and the trial court erred by declining to award punitive damages.  Initially we note that the magistrate did not address the issue of punitive damages.  In his objection Mr. Chuparkoff argued that the magistrate's decision failed to recognize that he had established he was entitled to recover punitive damages.  In disposing of Mr. Chuparkoff's objections to the magistrate's decision, the trial court concluded that it was not required to address the issue of punitive damages.  Specifically, the trial court stated:

> Mr. Chuparkoff further argues that the [c]ourt should award him punitive damages based on the tort of conversion.  However, he does not argue the legal standard for an award of punitive damages or lay a foundation for his argument. Therefore, the [c]ourt is not required to address it.  Further, [p]unitive damages may be recovered in a conversion action when the conversion involves elements of fraud, malice or insult.  Mr. Chuparkoff did not offer any evidence of fraud, malice, or insult. Finally, [p]unitive damages may not be awarded absent proof of actual damages.  (Internal citation and quotation omitted.)

{¶21} As we stated in the first assignment of error, this Court generally reviews a trial court's decision with respect to a magistrate's decision for an abuse of discretion. *Barlow*, 2009-Ohio-3788 at ¶ 5. However, the issue before this Court is whether the trial court correctly applied the law to the facts of this case, thus presenting a question of law. When considering an issue involving a question of law, this Court applies a de novo standard of review. *Copley Twp. v. City of Fairlawn*, 9th Dist. Summit Nos. 27010, 27012, 27040, 2015-Ohio-1121, ¶ 16. Therefore, we consider the questions of law without deference to the trial court's decision. *See id.*

{¶22} The trial court determined that it need not consider punitive damages because Mr. Chuparkoff did not argue a legal standard or lay a foundation for his argument. It is not entirely clear what the trial court meant by this statement. However, Mr. Chuparkoff's complaint included a claim for punitive damages and specifically alleged that the actions of Ohio Title Loans in the theft of his personal property were "intentional, purposeful, deliberate and punitive" and demanded "punitive judgment in excess of $25,000.00 for [Ohio Title Loans's] punitive acts." The trial court granted default judgment on Mr. Chuparkoff's complaint, thereby determining the issue of liability against Ohio Title Loans and triggering the availability of punitive damages. *See Whetstone v. Binner*, 146 Ohio St.3d 395, 2016-Ohio-1006, ¶ 22. "Following the entry of default judgment, all that remained was a damages hearing in order for the trier of fact to determine the amount of damages, if any." *Id.* On that basis, we conclude that the trial court erred when it declined to consider what amount of punitive damages, if any, should be awarded to Mr. Chuparkoff.

{¶23} Additionally, the trial court determined that punitive damages may not be awarded without proof of actual damages. In light of our resolution of the first assignment of

error, the trial court's refusal to consider punitive damages cannot be sustained based on a failure to prove actual damages in this case. Upon remand and resolution of the proceedings relative to the first assignment of error, the trial court shall determine whether an award of punitive damages is appropriate.

{¶24} Mr. Chuparkoff's second assignment of error is sustained.

### III.

{¶25} Mr. Chuparkoff's first assignment of error is overruled in part and sustained in part. Mr. Chuparkoff's second assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed, in part, and the matter is remanded for proceedings consistent with this decision.

Judgment affirmed in part,<br>
reversed in part,<br>
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

JULIE A. SCHAFER
FOR THE COURT

HENSAL, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

TED CHUPARKOFF, pro se, Appellant.