NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0509n.06

Nos. 21-3633/3661/4191/22-3025

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

Dec 08, 2022

DEBORAH S. HUNT, Clerk

)
)
BRYAN ANTHONY REO (21-3633/4191);  )
ANTHONY DOMENIC REO (21-3661); STEFANI  )
ROSSI REO (22-3025),  )
)
    Plaintiffs - Appellees,  )
)
v.  )
)
)
MARTIN LINDSTEDT,  )
)
    Defendant-Appellant.  )
)

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE
NORTHERN DISTRICT OF
OHIO

OPINION

---

Before: BOGGS, KETHLEDGE, and WHITE, Circuit Judges.

PER CURIAM. In 2019, Martin Lindstedt published provocative and highly offensive material online, impugning three members of the Reo family: namely, Bryan Anthony Reo; Bryan's father, Anthony Domenic Reo; and Bryan's wife, Stefani Rossi Reo. Each family member separately sued Lindstedt in the Court of Common Pleas for Lake County, Ohio, bringing state-law claims for defamation and invasion of privacy through false light. Lindstedt, proceeding pro se, removed each case to federal court. There, each plaintiff moved for summary judgment solely on the ground that Lindstedt failed to timely respond to plaintiffs' requests for admissions, which requested admissions of liability and damages. *See* Fed. R. Civ. P. 36(a). The district courts—four in total—each granted summary judgment to the plaintiffs. The courts also collectively

awarded the Reo family $2,750,000 in damages, based largely on finding that Lindstedt failed to seek withdrawal of his admissions. *See* Fed. R. Civ. P. 36(b). These appeals followed.

Lindstedt argues that the district courts misapplied Rule 36(b) when they declined to permit him to withdraw his admissions; we review those decisions for an abuse of discretion. *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 154 (6th Cir. 1997).

Rule 36(b) requires that a withdrawal be "on motion." Yet a formal motion is not always required. *United States v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009). That is because we are reluctant to assign "talismanic significance" to an attorney's—or, as here, a pro se party's—failure to use the phrase "I move." *Kerry Steel, Inc.*, 106 F.3d at 154. Instead, a withdrawal "may be imputed from a party's actions[.]" *Petroff-Kline*, 557 F.3d at 293. We conclude here that Lindstedt's actions in each of these cases—which include his insistence in various filings that he caused the plaintiffs no harm—should have been construed as motions to withdraw his admissions. The district courts in these cases entered judgments against a pro se litigant in excess of $2.7 million based solely on Lindstedt's failure to file a formal motion seeking withdrawal of his admissions. Meanwhile, withdrawal of the admissions would promote the presentation of the merits of the plaintiffs' claims for damages and would impose no significant prejudice on the plaintiffs. *See* Fed. R. Civ. P. 36(b). To the contrary, one could infer that the plaintiffs used their requests for admissions less as a discovery device than as a shortcut to obtaining the judgments they obtained here. These judgments also raise a significant question as to whether a federal court sitting in diversity can award punitive damages under Ohio law based on Rule 36 admissions alone. *See Whetstone v. Binner*, 57 N.E.3d 1111, 1115 (Ohio 2016); *Wayt v. DHSC, LLC*, 122 N.E.3d 92 (Ohio 2018).

We vacate the district courts' judgments in each of these cases and remand them for further proceedings consistent with this opinion. We also deny as moot all other pending appellate motions and requests for relief. For the district courts' sake and for ours, we strongly suggest that the lower courts consolidate these cases before a single judge on remand.