[Cite as *Olive Oil, L.L.C. v. Cleveland Elec. Illum. Co.*, 2025-Ohio-6.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

OLIVE OIL, LLC,                                         :

      Plaintiff-Appellant,                      :

                                No. 113705

      v.                                                    :

THE CLEVELAND ELECTRIC
ILLUMINATING COMPANY,                     :

      Defendant-Appellee.                       :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED
**RELEASED AND JOURNALIZED:**  January 2, 2025

---

Civil Appeal from the Cuyahoga County Common Pleas Court
Case No. CV-19-912282

---

***Appearances:***

Law Office of Matthew S. Romano, LLC,  and Matthew S.
Romano, *for appellant*.

Benesch, Friedlander, Coplan & Aronoff L.L.P., Justin L.
Monday, and Brian N. Ramm, *for appellee*.

ANITA LASTER MAYS, J.:

{¶1} Plaintiff-appellant Olive Oil, LLC ("Olive Oil") appeals the trial court's

decision granting The Cleveland Electric Illuminating Company's ("CEI") motion

for partial summary judgment, denying Olive Oil's motion for reconsideration, precluding Olive Oil from presenting evidence of punitive damages; denying Olive Oil's motion for leave, and awarding Olive Oil $100 of nominal damages. We affirm the trial court's decisions.

## I.     Facts and Procedural History

{¶2} This case began in 2017, and this is the third appeal. The original facts of the case are stated in *Olive Oil, L.L.C. v. Cleveland Elec. Illum. Co.*, 2021-Ohio-2309, ¶ 2-5 (8th Dist.) (*Olive Oil I*):

> Since 2016, Olive Oil has owned the property located at 130 Front Street in Berea, Ohio. The property includes storefronts and residential housing. It also includes a parking lot along the east side of the property. Olive Oil is the landlord and collects rents from the tenants. Mike Gantous is the sole owner of Olive Oil. One tenant is Mike's Bar & Grill, a restaurant that [("Gantous")] owns by way of another company, J.A.M.S., L.L.C. Olive Oil is the only plaintiff in this action, neither Gantous nor J.A.M.S. are a party to this case.
>
> The parking lot is bordered on the east by West Street and on the south by School Street. Since at least 1987, and until 2017, CEI ran power lines over the southeast corner of the parking lot, between a pole on West Street and a pole on the south side of School Street ("old wires").
>
> In 2017, because of a development project involving the other defendants, CEI moved the pole from the south side of School Street to the public right-of-way on the north side of the street. Moving the pole across the street caused the wires strung between it and the pole on West Street ("new wires") to occupy a larger portion of space over Olive Oil's parking lot. There was expert testimony presented at trial that the path of the new wires was within 20 feet of the path of the old wires. Gantous did not consent to having the new wires span over his property and litigation ensued.

The case proceeded to a jury trial. Olive Oil and all of the defendants presented their cases. However, the court disposed of all claims through directed verdicts prior to charging the jury.

*Id.*

{¶3} In *Olive Oil I*, this court affirmed the trial court's directed verdict dismissing Olive Oil's claims, except its trespass claim. We reversed the trial court's directed verdict on Olive Oil's trespass claim and remanded to the trial court for determinations of whether CEI acquired a prescriptive easement, whether the new wires impermissibly exceed the scope of any such easement and thereby constitute a trespass on Olive Oil's property and if so, the measure of damages that result from the trespass. *Id.* at ¶ 18.

{¶4} As stated in the second appeal, *Olive Oil v. Cleveland Elec. Illum. Co.*, 2023-Ohio-2487 (8th Dist.) (*Olive Oil II*):

On remand, on November 11, 2021, Olive Oil filed a motion for leave to take limited discovery on damages. Olive Oil argued that discovery should be permitted because such evidence would be material in establishing the value of damages and because the relevant information and evidence relating to damages was created only after Olive Oil was permitted to take discovery in these proceedings.

On November 12, 2021, CEI filed a motion for leave to file a motion for partial summary judgment as to Olive Oil's claim for punitive damages.

On November 18, 2021, CEI filed a brief in opposition to Olive Oil's motion for leave to conduct additional discovery. The same day, Olive Oil filed a motion for leave to file a reply brief in support of its motion for leave to conduct additional discovery.

On December 7, 2021, the trial court granted Olive Oil's motion for leave to file a reply brief, denied Olive Oil's motion for leave to conduct additional discovery, and granted CEI's motion for leave to file a motion for partial summary judgment.

On January 6, 2022, CEI filed a motion for partial summary judgment as to Olive Oil's claims for punitive damages and attorney fees. On February 3, 2022, Olive Oil filed a brief in opposition to CEI's motion for partial summary judgment. On February 14, 2022, CEI filed a reply brief in support of its motion for partial summary judgment.

On April 1, 2022, the trial court granted CEI's motion for partial summary judgment.

The parties proceeded to prepare for trial on the remaining issue of trespass according to this court's remand.

On November 9, 2022, the trial court issued the following journal entry:

> 87 Dis. W/O Prej. — Final
>
> Trial preparation hearing held on 11/04/2022. All parties appeared with counsel and discussed the upcoming trial. Rather than have a jury trial only on the issue of nominal damages, the court hereby dismisses this matter without prejudice pursuant to Ohio Civ.R. 41(A)(2), to allow plaintiff to exercise its appellate right to appeal this court's order, dated 04/01/2022. This dismissal is without prejudice, preserving plaintiff's ability to refile the instant matter if necessary. Final. There is no just cause for delay.
>
> It is so ordered.
>
> Pursuant to Civ.R. 58(B), the Clerk of Courts is directed to serve this judgment in a manner prescribed by Civ.R. 5(B). The clerk must indicate on the docket the names and addresses of all parties, the method of service, and the costs associated with this service.

*Id.* at ¶ 12-19.

{¶5} In Olive Oil II, Olive Oil argued that "the trial court's order granting CEI's motion for partial summary judgment against punitive damages and attorney fees is reversible error"; "[t]he trial court's order denying Olive Oil's motion for leave to take limited discovery on damages is reversible error"; and "[t]he trial court's order of dismissal pursuant to Ohio Civ.R. 41(A)(2) is reversible error." *Id*. at ¶ 20.

{¶6} This court in Olive Oil II vacated "the trial court's November 9, 2022 order dismissing the case and remand[ed] the case for a determination of the foregoing issues outlined in the special mandate in *Olive Oil I*." *Id*. at ¶ 26. This court also remanded to the trial court "for determinations of whether CEI acquired a prescriptive easement, whether the new wires impermissibly exceed the scope of any such easement and thereby constitute a trespass on Olive Oil's property and if so, the measure of damages that result from the trespass." *Id*.

{¶7} On October 19, 2023, Olive Oil filed a motion for reconsideration moving the trial court to reconsider its April 1, 2022 decision granting CEI's motion for partial summary judgment on Olive Oil's claims for punitive damages and attorney fees. On December 1, 2023, the trial court denied Olive Oil's motion.

{¶8} On February 5, 2024, in response to this court's mandate to the trial court to make the determinations from *Olive Oil I* and *II*, a trial was held. Before the trial began, the trial court ruled that Olive Oil would not be able to present evidence on actual or punitive damages. At the close of all the evidence, however,

Olive Oil's trial counsel informed the court that Mike Gantous, the owner of Olive Oil, wanted to testify to damages "outside of the earshot of the jury." Tr. 337. During Gantous's proffered testimony, he explained to the trial court that if he had the opportunity to testify in front of the jury, he would testify that he believes his diminution in value from these new wires would be 10 percent of $650,000, for an amount of $65,000. Tr. 341.

{¶9} Gantous also explained that there was an arbitration regarding this lawsuit, which was held in front of an arbitration panel. The panel awarded Gantous $65,000. Tr. 342. Gantous did not appeal the award, but CEI did appeal. Gantous explained that he was not permitted to testify at the 2020 trial with regard to that award but could not remember the exact reason. Tr. 342-343. Gantous stated that because he was not an expert, he was not permitted to testify with respect to damages. Gantous explained that at the 2020 trial, he testified that the new value of his property was $0 because of the wires. Tr. 343.

{¶10} Gantous then explained that he became aware that CEI hired an expert to write an appraisal report, which determined that the loss in value to the property was $8200. Tr. 346. Gantous also stated that he would like to recover attorney fees and expenses as well as actual damages. Tr. 347.

{¶11} At the end of CEI's case, Olive Oil moved the trial court for a directed verdict, arguing that CEI did not establish that there was a prescriptive easement. CEI countered that all of the elements of a prescriptive easement had been met.

Tr. 380. The trial court denied Olive Oil's motion for directed verdict, and the case proceeded to the jury. The jury found in favor of Olive Oil, deciding that Olive Oil proved that CEI caused the wires to be placed over Olive Oil's property without authorization, and that CEI did not have a prescriptive easement over Olive Oil's property. The trial court awarded Olive Oil nominal damages of $100.

{¶12} Olive Oil filed this appeal assigning five errors for our review:

I.   The trial court's order granting of CEI's motion for partial summary judgment against punitive damages and attorney's fees is reversible error;

II.  The trial court's order denying Olive Oil's motion for reconsideration on Olive Oil being barred from recovering actual damages, punitive damages, and attorney's fees at trial is reversible error;

III. The trial court's order precluding Olive Oil from presenting any evidence of actual or punitive damages is reversible error;

IV.  The trial court's order denying Olive Oil's motion for leave to take limited discovery on damages is reversible error; and

V.   The trial court's order awarding Olive Oil $100 of nominal damages is reversible error.

## II. Summary Judgment

### A. Standard of Review

{¶13} "We review summary judgment rulings de novo, applying the same standard as the trial court." *U.S. Bank Trust Natl. Assn. v. Keane*, 2024-Ohio-727, ¶ 16 (8th Dist.), citing *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Civ.R. 56 provides for when

"summary judgment is appropriate: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party. The party moving for summary judgment bears this burden and must set forth specific facts that demonstrate its entitlement to summary judgment." *Id.*, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). "If the moving party fails to meet this burden, summary judgment is not appropriate; if the moving party meets this burden, summary judgment is appropriate only if the nonmoving party fails to establish the existence of a genuine issue of material fact."

*Id.*, citing *id.* at 293.

## B. Law and Analysis

**{¶14}** In Olive Oil's first assignment of error, it argues that the trial court erred when it granted CEI's motion for summary judgment with respect to punitive damages and attorney's fees. In CEI's motion, it argued that it was entitled to judgment as a matter of law because there was no evidence in the record that CEI acted with actual malice towards Olive Oil or that Olive Oil suffered any actual damages. "Under Ohio law, an award of punitive damages is available only upon a finding of actual malice." *Hawes v. Downing Health Technologies L.L.C.*, 2022-Ohio-1677, ¶ 78 (8th Dist.), citing *Wills v. Kolis*, 2010-Ohio-4351, ¶ 47-48 (8th Dist.), citing *Berge v. Columbus Community Cable Access*, 136 Ohio App.3d 281, 316 (10th Dist. 1999).

The "actual malice" necessary for purposes of an award of punitive damages has been defined as "'(1) that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other

persons that has a great probability of causing substantial harm.'" *Berge*, quoting *Preston v. Murty*, 32 Ohio St.3d 334 [(1987), syllabus.]

*Id.*

{¶15} "A plaintiff bears the burden of establishing entitlement to punitive damages by clear and convincing evidence." *Id.* at ¶ 79, citing *Kelley v. Sullivan*, 2018-Ohio-1410, ¶ 13 (8th Dist.), citing *Whetstone v. Binner*, 2016-Ohio-1006, ¶ 20. "The decision whether to award punitive damages is within the trial court's discretion and, absent an abuse of discretion, the court's ruling will be upheld." *Id.*, citing *Kemp v. Kemp*, 2005-Ohio-3120, ¶ 73 (5th Dist.).

{¶16} "'The Supreme Court of Ohio, as well as this court, has held that attorney fees are recoverable as part of compensatory damages only when punitive damages have been awarded.'" *Id.* at ¶ 86, quoting *Danial v. Lancaster*, 2009-Ohio-3599, ¶ 18 (8th Dist.), citing *Davis v. Tunison*, 168 Ohio St. 471, 477 (1959); *Wilson v. Harvey*, 2005-Ohio-5722 (8th Dist.).

> *In Digital & Analog Design Corp. v. N. Supply Co.*, 63 Ohio St.3d 657 (1992), the court further provided that "the requirement that a party pay attorney fees . . . is a punitive (and thus equitable) remedy that flows from a jury finding of [actual] malice and the award of punitive damages. . . . Without a finding of [actual] malice and the award of punitive damages, plaintiff cannot justify the award of attorney fees, unless there is a basis for sanctions under Civ.R. 11." *Id.* at 662.

*Id.* at ¶ 87.

{¶17} In *Olive Oil I*, CEI filed five assignments of error in its cross-appeal. CEI's fifth assignment of error was that the trial court should have granted

summary judgment in CEI's favor on Olive Oil's requests for punitive damages and attorney fees. This court in *Olive Oil I* addressed this, stating:

> Finally, as to CEI's remaining assignments of error, pertaining to the trial court's denial of its motion for summary judgment regarding Olive Oil's claims for civil conspiracy, declaratory judgment, punitive damages and attorney fees and statutory claims pursuant to R.C. 2307.60 and 2307.61, we note that the trial court decided these claims in CEI's favor. Moreover, to the extent that Olive Oil has challenged these issues on appeal, we have affirmed the trial court judgment in favor of CEI.

*Id.* at ¶ 56.

**{¶18}** In *Olive Oil I*, this court affirmed the trial court's decision regarding punitive damages and attorney fees in CEI's favor. "The doctrine of the 'law of the case' provides that a 'decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.'" *State v. Cvijetinovic*, 2003-Ohio-7071, ¶ 18 (8th Dist.), quoting *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984). Thus, the trial court was bound by our decision in *Olive Oil I* affirming the trial court's decision granting partial summary judgment to CEI.

**{¶19}** Therefore, Olive Oil's first assignment of error is overruled.

## III. Actual Damages

**{¶20}** We will address Olive Oil's second and third assignments simultaneously. In Olive Oil's second assignment of error, it argues that the trial

court erred when it denied Olive Oil's motion for reconsideration regarding Olive Oil recovering actual damages, punitive damages, and attorney fees.

{¶21} In Olive Oil's third assignment of error, they contend that the trial court erred when it precluded them from presenting any evidence of actual or punitive damages.

{¶22} We previously decided that this court had already affirmed the trial court's decision with regard to punitive damages and attorney fees, so we will only address Olive Oil's claims pertaining to actual damages.

{¶23} In *Olive Oil I*, the court stated:

> It was error for the trial court to dismiss the trespass claim on the basis that Olive Oil failed to establish damages. While we agree that Olive Oil failed to establish that it was actually damaged by the new wires, trespass is established where a defendant enters onto another's property without authorization. *See Chance v. BP Chems.*, 77 Ohio St.3d 17, 24 (1996); *see also Misseldine v. Corporate Investigative Servs.*, 2003-Ohio-2740, ¶ 26 (8th Dist.) (trespass can be established by the invasion of the airspace above another's property). Here, there was evidence presented that CEI trespassed on Olive Oil's property without Olive Oil's permission.

*Id.* at ¶ 15.

{¶24} As stated in *Olive Oil I*, this court agreed with the trial court that Olive Oil failed to establish that there were actual damages. This court remanded to the trial court to determine whether there was a prescriptive easement, whether the new wires impermissibly exceeded the scope of any such easement, thereby

constituting a trespass and if so, whether there were nominal damages.  *Id*. at ¶ 13, 18.  Therefore, Olive Oil's second and third assignments of error are overruled.

## IV.    Motion for Leave

{¶25} In Olive Oil's fourth assignment of error, it argues that the trial court erred by denying their motion for leave to take limited discovery on damages.  In its motion, Olive Oil argued that the trial court should grant its motion for leave to take very limited discovery from CEI on a specific valuation of damages.  Olive Oil argued that a property owner in trespass cases may recover damages for the cost of repairing the property to its original condition.

{¶26} The cost of repairing a property to its original condition is actual damages.  *See Lecso v. Heaton*, 2010-Ohio-3880, ¶ 36, 39 (8th Dist.).  This court previously decided in *Olive Oil I* that Olive Oil did not demonstrate actual damage to its property by the wires.  *Id*.  at ¶ 15.  Instead, this court remanded to the trial court to determine whether there were nominal damages.  *Id*. at ¶ 13, 18.

{¶27} As this court stated in *Olive Oil I*, "'[a] showing of trespass entitles a plaintiff to at least nominal damages.'" *Id*. at ¶ 13, quoting *Misseldine*, 2003-Ohio-2740, ¶ 31 (8th Dist.), citing *Lamberjack v. Gyde*, 1993 Ohio App. LEXIS 5528 (6th Dist. Nov. 13, 1993); *see also Lacey v. Laird*, 166 Ohio St. 12 (1956), paragraph two of the syllabus. ("'Nominal damages' are limited to some small or nominal amount in terms of money.").

**{¶28}** Because nominal damages do not require a specific valuation of damages, the trial court did not err in denying Olive Oil's motion. Therefore, Olive Oil's fourth assignment of error is overruled.

## V.    Nominal Damages

**{¶29}** In Olive Oil's fifth assignment of error, it contends that the trial court unilaterally decided that Olive Oil was only entitled to an award of nominal damages of $100. Olive Oil failed to cite any law on why this decision was in error. App.R. 16(7) states:

> The appellant shall include in its brief, under the headings and in the order indicated: An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

**{¶30}** In Olive Oil's brief, it simply stated: "For all the foregoing reasons, it was reversible error for the trial court to unilaterally decide that Olive Oil was only entitled to an award of nominal damages of $100 for CEI's continuing trespass that still exists to this day." Appellant Brief p. 37.

**{¶31}** App.R. 12(A)(2) authorizes us to disregard any assignment of error that an appellant fails to separately argue. *See RNE Ents., LLC v. Imperial Kitchen Cabinet Factory, L.L.C.*, 2024-Ohio-5327, ¶ 32 (8th Dist.). However, Olive Oil assertion of a unilateral decision is misplaced. Before trial, the parties agreed that

the trial court would make the decision regarding nominal damages. Tr. 7. As such, we dismiss Olive Oil's fifth assignment of error.

**{¶32}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

MICHELLE J. SHEEHAN, P.J., and
EMANUELLA D. GROVES, J., CONCUR